IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| LEONEL LOZANO SANCHEZ, | § | |
| | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | CIVIL ACTION NO. 9:26-CV-00492 |
| WARDEN, IAH POLK ADULT | § | JUDGE MICHAEL J. TRUNCALE |
| DETENTION FACILITY; MARKWAYNE | § | |
| MULLIN, in his capacity as Secretary of U.S. | § | |
| Department of Homeland Security; DAVID J. | § | |
| VENTURELLA, in his capacity as Senior | § | |
| Official Performing the Duties of the Director | § | |
| of U.S. Immigration and Customs | § | |
| Enforcement; TODD BLANCHE, in his | § | |
| capacity as Acting Attorney General of the | § | |
| United States; BRET BRADFORD, in his | § | |
| capacity as Field Office Director of the U.S. | § | |
| Immigration and Customs Enforcement | § | |
| Houston Field Office, | § | |
| | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR HABEAS CORPUS

Before the Court is Petitioner Leonel Lozano Sanchez (Lozano)'s Petition for Writ of Habeas Corpus. [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Lozano is a Mexican national who entered the United States illegally in 2013 and was detained by immigration authorities in December 2025. [Dkt. 1]. An immigration judge ordered Lozano removed from the country on March 4, 2026. *Id.* at 3. On July 2, 2026, Lozano brought a habeas corpus petition, claiming that his detention violates federal law. *Id.*

### II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal

1

basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

### A. Post-Removal Detention

Because Lozano has already been ordered removed from the United States, 8 U.S.C. § 1231 governs his detention. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Post-removal detention is presumptively valid when fewer than six months have elapsed since the issuance of the detainee's final removal order. *Id.* (citing *Zadvydas v. Davis*, 533 U.S. 678, 691 (2001)). Lozano's Petition indicates that he was ordered removed on March 4, 2026, fewer than six months ago. *See* [Dkt. 1]. Accordingly, his challenge is premature. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

### IV. CONCLUSION

It is therefore **ORDERED** that Lozano's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 6th day of August, 2026.**

_____
Michael J. Truncale
United States District Judge

2