IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| LEONEL LOZANO SANCHEZ,<br><br>   *Petitioner*,<br><br>v.<br><br>WARDEN, IAH POLK ADULT DETENTION FACILITY; MARKWAYNE MULLIN, in his capacity as Secretary of U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his capacity as Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; TODD BLANCHE, in his capacity as Acting Attorney General of the United States; BRET BRADFORD, in his capacity as Field Office Director of the U.S. Immigration and Customs Enforcement Houston Field Office,<br><br>   *Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 9:26-CV-00492<br>JUDGE MICHAEL J. TRUNCALE |

## <u>AMENDED ORDER DENYING PETITION FOR HABEAS CORPUS</u>

Before the Court is Petitioner Leonel Lozano Sanchez (Lozano)'s Petition for Writ of Habeas

Corpus. [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Lozano is a Mexican national who entered the United States illegally in 2013 and was detained

by immigration authorities in December 2025. [Dkt. 1]. On July 2, 2026, Lozano brought a habeas

corpus petition, claiming that his detention violates federal law. *Id.*

### II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal

basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241

1

entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Immigration and Nationality Act

Lozano first claims to be unlawfully detained under 8 U.S.C. § 1225(b)(2)(A), which provides for the mandatory detention of "applicants for admission" who are not deemed "clearly and beyond a doubt entitled to be admitted." *See* 8 U.S.C. § 1225(b)(2)(A). According to Lozano, aliens who, like him, entered the United States without inspection years ago, are not "applicants for admission" under section 1225(b)(2)(A). [Dkt. 1]. Instead, Lozano argues that 8 U.S.C. § 1226(a) applies to cases like his. Under section 1226(a), an alien "may be arrested and detained pending a decision on whether [he] is to be removed from the United States." 8 U.S.C. § 1226(a). The Attorney General has discretion to release or "continue to detain" aliens detained pursuant to section 1226(a). *See id.* § 1226(a)(1)–(2).

Section 1225 plainly applies to Lozano. The statute's first sentence provides that "an alien present in the United States who has not been admitted . . . shall be deemed for purposes of this chapter an applicant for admission." *Id.* An alien has been "admitted" once he has made "lawful entry . . . into the United States *after inspection* and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A) (emphasis added). Together, these provisions establish that an alien is an applicant for admission if he (1) entered the United States without inspection and (2) remains present in the country. *See id.*; § 1225(a)(1).

Lozano readily admits that he entered the United States without inspection, and he is still present in the country. *See* [Dkt. 1 at ¶ 26]. Accordingly, he is an "applicant for admission" under section 1225. *See* 8 U.S.C. § 1225(a)(1). Further, by charging him with illegal entry and initiating

removal proceedings against him, the Government necessarily found that Lozano was "not clearly and beyond a doubt entitled to be admitted." *See id.* Thus, section 1225 dictates that Lozano, an applicant for admission who was not deemed clearly and beyond a doubt entitled to be admitted, "shall be detained" during removal proceedings. *Id.* § 1225(b)(2)(A).

### B. Due Process

Lozano next argues that his continued detention violates due process. This argument is at odds with the Supreme Court's "longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. 510, 526 (2003); *Carlson v. Landon*, 342 U.S. 524, 538 (1952). Because Lozano is not subject to a final removal order, his removal proceedings are ongoing. *See* 8 U.S.C. § 1231(a)(1)(b). Accordingly, his detention does not violate due process. *See Kim*, 510 U.S. at 526; *Carlson*, 342 U.S. at 538.

### IV. CONCLUSION

It is therefore **ORDERED** that Lozano's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. This constitutes a **FINAL JUDGMENT.**

**SIGNED this 10th day of August, 2026.**

Michael J. Truncale
United States District Judge

3